Connolly, J.
The defendant has requested that this court order the Commonwealth to provide the defendant with information pertaining to the relationship between the Commonwealth witness, Thomas Oses (“Oses”), and the chief investigator in this case. State Trooper Nagle (“Trooper Nagle”). It is the defendant’s contention that Oses has acted as a cooperating witness for the Commonwealth in at least four prior cases. The defendant seeks to access the details of Oses’ involvement in these cases in order to impeach his credibility at trial and show bias on his part. For the reasons stated below, the defendant’s motion is ALLOWED IN PART and DENIED IN PART.

BACKGROUND

The defendant, Anthony Mangano (“Mangano”), is charged with first degree murder in the death of Robert Malloy (“Malloy”). Malloy’s body was found on December 20, 1992 in Foxboro, Massachusetts. A key prosecution witness in the case against Mangano is Thomas Oses, a jailhouse informant who will testify that he has information, obtained from Mangano, that the murder was committed in Massachusetts. Oses is also expected to testify that Mangano spoke with Oses about having the Commonwealth’s chief civilian witness and police witnesses in the case killed.
The defendant has provided evidence to this court that Oses informed the Commonwealth, on two separate occasions, that fellow prisoners had solicited him for murder. Evidence has also been presented that Oses acted as an informant in two additional cases. The defendant seeks discovery regarding Oses’ involvement in these cases in order to impeach his credibility at trial and show evidence of bias. The defendant also requests information regarding any agreements made between Oses and the Commonwealth discussing favorable treatment of Oses in exchange for his testimony in this or other cases.

DISCUSSION

Due process requires that the Commonwealth disclose to the defendant exculpatory evidence that could materially aid the defense. See Commonwealth v. Tucceri, 412 Mass. 401, 404-05 (1992). “Evidence tending to impeach the credibility of a key prosecution witness is clearly exculpatory.” Commonwealth v. Hill, 432 Mass. 704, 715 (2000) (citations omitted) (Commonwealth’s failure to disclose a material arrangement to reduce charges against a witness in exchange for that witness’s testimony in another case was grounds to grant the defendant a new trial). Any agreement, understanding, or promise between the government and a key witness is exculpatory evidence that must be disclosed. See id. at 716; Commonwealth v. Collins, 386 Mass. 1, 8-9 (1982) (citations omitted). A prosecutor must disclose exculpatory evidence in his/her possession or in the possession of the police who investigated the case. Commonwealth v. Tucceri, 412 Mass. at 407.
At trial, a defendant is permitted to cross-examine a key prosecution witness on his motive to testify in the case before the court. See Commonwealth v. Schand, 420 Mass. 783, 792 (1995). However, evidence of prior bad acts by a witness is not admissible at trial to impeach that witness, unless the conduct has been the basis of a criminal conviction. See Commonwealth v. Turner, 371 Mass. 803, 809-810 (1977). Itis the rule in Massachusetts “that a witness cannot be asked on cross-examination, in order to affect his credibility, about his part in transactions irrelevant to the issue on trial.” Commonwealth v. Gonzalez, 427 Mass 1104 (1981); Commonwealth v. Turner, 371 Mass. at 810 (prosecution’s witnesses’ claim of the privilege against self incrimination in response to questions about their involvement in prior uncharged crimes was allowed because impeaching the witnesses based on prior bad acts unrelated to the case at hand is unlawful).
In Commonwealth v. Gonzalez, the Appeals Court affirmed a decision by the trial judge to exclude questions designed to impeach a prosecution witness who was a special agent in the United States Department of Drug Enforcement Administration. The questions regarded an unrelated drug case where the witness was accused of improper conduct. The trial judge sustained an objection to a question of whether the witness’s conduct had ever been investigated. See Commonwealth v. Gonzalez, 427 Mass. at 1104. The Appeal Court reiterated the rule in Massachusetts that a witness cannot be asked about his part in transactions irrelevant to the issue on trial. Id.
Gonzalez is directly analogous to the case at hand. The prosecution must provide the defense with information of any promises, understandings, or agreements between the Commonwealth and Oses as they relate to the testimony of Oses in this case. See Commonwealth v. Hill, 432 Mass. at 715; Commonwealth v. Collins, 386 Mass. at 8-9. The defendant, however, seeks additional information from the Commonwealth regarding Oses’ involvement in numerous other cases unrelated to the one at hand. Such infor *550 mation is not relevant and does not have to be disclosed. See Commonwealth v. Gonzalez, 427 Mass. 1104 (1981).

ORDER

For the reasons stated above, it is ORDERED that the Commonwealth provide the defendant with any and all details of any promises, understandings, or agreements made between the Commonwealth and / or any law enforcement officials and Thomas Oses as they relate to this case against the defendant. Motion is otherwise DENIED.